1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND M. FISHER, | ) | 1:11cv01580 LJO DLB |
| | ) | |
| | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| Plaintiff, | ) | WITH LEAVE TO AMEND |
| | ) | |
| v. | ) | |
| | ) | |
| FRESNO POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Raymond M. Fisher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on September 19, 2011.

**DISCUSSION**

A.     Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

1

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

2  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

3  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

4  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

5  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

6  complaint under this standard, the court must accept as true the allegations of the complaint in

7  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

8  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

9  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10  B.    Plaintiff's Allegations

11    Plaintiff alleges that on November 1, 2007, Fresno Police Officer Hurdley stopped him

12  while driving for an alleged traffic violation.  He contends that Officer Hurdley engaged in racial

13  profiling in violation of the Fourth Amendment.  He also contends that Officer Hurdley placed a

14  bag of cocaine at Plaintiff's feet and on the seat of the car.  Plaintiff was charged for possession

15  for sale and booked into Fresno County Jail.  In January 2008, a jury found him not guilty of the

16  charge and discharged him from the custody of the Sheriff.  Plaintiff contends that Parole Agent

17  Daljit Phoolka and his supervisor, Daniel Negrete, made a decision to abuse Plaintiff's rights

18  under the Fifth Amendment and California Penal Code section 654 and falsely imprisoned him.

19    On or about January 9, 2009, Plaintiff was arrested for domestic violence.  He went

20  before the Board of Parole Hearings on February 10, 2009, and was sentenced to 12 months.

21  Plaintiff contends that this sentence violates his rights under the Sixth and Fourteenth

22  Amendments because the victim and witness were not present at the hearing.

23    On September 6, 2010, Plaintiff was arrested for possession of cocaine.  On September 7,

24  2010, he was interviewed by Parole Agency Vince Meno while in custody at the Fresno County

25  Jail.  Plaintiff alleges that Agent Meno advised him of his eligibility for non-revokable parole

26  and instructed him to report to the Parole Office for placement in an out-patient program.

27    On October 6, 2010, Agency Meno, at Plaintiff's request, interviewed him again at the

28  Fresno County Jail.  Plaintiff presented Agent Meno with documents pertaining to Plaintiff's

1 parole.  He contends that special conditions of his parole did not pertain to him and were

2 arbitrary and capricious.  Plaintiff alleges that these conditions violate his rights under the Fifth

3 Amendment and California Penal Code section 654.

4       Finally, Plaintiff contends that the Fresno Police Department, in association with Parole

5 Agents Phoolka, Meno and Negrete, violated California Penal Code sections 118.1 and 654, as

6 well as the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.

7       Plaintiff seeks damages in the amount of ten million dollars.

8 C.     Analysis

9       1.    *Racial Profiling Allegations*

10       Plaintiff's first claim involves allegations of racial profiling in violation of the Fourth

11 Amendment by Officer Hurdley

12       A claim for racial profiling is not based on the Fourth Amendment because outside

13 limited contexts, an officer's motive does not invalidate what is otherwise objectively justifiable

14 behavior under the Fourth Amendment.  See Whren v. United States, 517 U.S. 806, 812-13

15 (1996).

16       Rather, the correct basis for objecting to intentionally discriminatory application of laws

17 is the Equal Protection Clause.  To state a section 1983 claim for violation of the Equal

18 Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others

19 similarly situated, and the defendants acted with an intent or purpose to discriminate against the

20 plaintiff based upon membership in a protected class.  Thornton v. City of St. Helens, 425 F.3d

21 1158, 1166-67 (9th Cir. 2005).

22       Here, Plaintiff simply states that he was stopped while driving for an alleged traffic

23 violation and that Officer Hurdley engaged in racial profiling.  He has not alleged facts showing

24 intentional discrimination, or differential treatment of others similarly situated.  The lack of

25 supporting facts also violates Rule 8(a), which requests that a complaint contain "a short and

26 plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a).

27 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and

28 the grounds upon which it rests."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

1    However, because it is possible that Plaintiff could allege facts stating such a claim, he

2    will be given leave to file an amended complaint.

3         2.    *Actions by Parole Agents Phoolka and Negrete*

4         Next, Plaintiff contends that Parole Agents Phoolka and Negrete "made a decision" to

5    "abuse [his] rights under P.C. 654 and the 5th Amendment of the U.S. Constitution."  Complaint,

6    at 4.  He contends that this "decision" resulted in false imprisonment.

7         Again, Plaintiff's statements are nothing more than conclusory allegations without factual

8    support and it is impossible for the Court to determine Plaintiff's exact claim.  For example,

9    Plaintiff does not explain the nature of the "decision" and/or the actions taken against him.

10   Plaintiff will be permitted to amend the claim and the Court provides the following legal

11   standards for Plaintiff's benefit.

12        To the extent Plaintiff is attempting to plead a double jeopardy claim, his federal legal

13   remedy lies in a writ of habeas corpus.  When a prisoner challenges the legality or duration of his

14   custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole

15   federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v.

16   Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  Therefore, Plaintiff may

17   not allege a violation of the Fifth Amendment prohibition against double jeopardy in this civil

18   rights action.  Moreover, a violation of state law, such as California Penal Code section 654, will

19   generally not provide a basis for federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67

20   (1991).

21        Additionally, when seeking damages for an allegedly unconstitutional conviction or

22   imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed

23   on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

24   make such determination, or called into question by a federal court's issuance of a writ of habeas

25   corpus, 28 U.S.C. § 2254."  Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim for

26   damages bearing that relationship to a conviction or sentence that has not been so invalidated is

27   not cognizable under § 1983."  Id. at 488.

28

4

1    As for Plaintiff's claim of false imprisonment, the claim is a state law tort, not a

2    constitutional challenge.  To state a claim for false imprisonment, a plaintiff must allege he was

3    restrained by another without proper authority, and the restraint was completely unlawful and

4    without authority.  See Collins v. County of Los Angeles, 241 Cal.App.2d 451 (1966).  If there is

5    no proper challenge to incarceration, a false imprisonment claim cannot stand.

6    With these standards in mind, Plaintiff will be allowed to amend his claim.

7        3.    *Parole Board Hearing*

8    Plaintiff next challenges the decision of the Parole Board based on the absence of the

9    victim and witness as the hearing.  Such challenges, however, are challenges to the legality or

10   duration of his custody and his sole federal remedy is a writ of habeas corpus.  Wilkinson v.

11   Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475

12   (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

13   As Plaintiff cannot bring challenges to his parole hearing in a section 1983 action, he will

14   not be granted leave to amend this claim.

15       4.    *Parole Conditions*

16   Similarly, to the extent Plaintiff is attempting to challenge his parole conditions as

17   arbitrary and capricious, his claim is akin to challenging the legality or duration of his custody.

18   A challenge to the legality of restrictions placed on a parolee must be brought as a habeas corpus

19   action.  See Williams v. Wisconsin, 336 F.3d 576 (7th Cir.2003) (probation restrictions "define [

20   ] the perimeters of [ ] confinement").

21   As Plaintiff cannot amend to cure this deficiency, the claim must be dismissed without

22   leave to amend.  His sole federal remedy for challenging parole conditions is by way of petition

23   for writ of habeas corpus.

24       5.    *Defendants Fresno Police Department, City of Fresno and County of Fresno*

25   As to Defendants Fresno Police Department, the City of Fresno and the County of Fresno,

26   Plaintiff is advised that generally, a claim against a local government unit for municipal or

27   county liability requires an allegation that "a deliberate policy, custom, or practice ... was the

28

1   'moving force' behind the constitutional violation ... suffered." <u>Galen v. County of Los Angeles</u>,

2   477 F.3d 652, 667 (9th Cir.2007); <u>City of Canton, Ohio, v. Harris</u>, 489 U.S. 378, 385 (1989).

3         Plaintiff makes no such allegations here.  He will be granted leave to amend this claim.

4   **CONCLUSION**

5         In conclusion, the Court dismisses Plaintiff's complaint with leave to amend.  Plaintiff

6   should only amend if he can cure the deficiencies noted above.

7         Plaintiff is reminded that an amended complaint supercedes the original complaint,

8   <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567

9   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

10   pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an

11   original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d

12   at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u>

13   <u>Forsyth</u>, 114 F.3d at 1474.

14         Based on the foregoing, it is HEREBY ORDERED that:

15       1.    The Clerk's Office shall send Plaintiff a civil rights complaint form and a petition

16           for writ of habeas corpus;

17       2.    Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;

18       3.    If Plaintiff wishes to pursue this civil rights action, he must file an amended

19           complaint within **thirty (30) days**;

20       4.    If Plaintiff does not wish to pursue this action, he may file a notice of voluntary

21           dismissal within **thirty (30) days** from the date of service of this order; and

22       **5.    If Plaintiff neither files a notice of voluntary dismissal nor files an amended**

23           **complaint, this action will be dismissed for failure to obey a court order.**

24

25         IT IS SO ORDERED.

26     **Dated:**   <u>**October 3, 2011**</u>           <u>     **/s/ Dennis L. Beck**     </u>
                                            UNITED STATES MAGISTRATE JUDGE

27

28