UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND M. FISHER, | ) | 1:11cv01580 LJO DLB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| FRESNO POLICE DEPARTMENT, et al., | ) | |
| Defendants. | ) | |

Plaintiff Raymond M. Fisher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on September 19, 2011. Pursuant to the Court's October 3, 2011, order, he filed an amended complaint on March 5, 2012.

**DISCUSSION**

A.   Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to

1

state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Plaintiff's Allegations

Plaintiff alleges that on November 1, 2007, Fresno Police Officer Hurdley stopped him while driving for an alleged traffic violation. He alleges that Officer Hurdley "conspired to violat[e] Plaintiff's constitutional rights under the Equal Protection Clause to execute an unconstitutional search and seizure and engage in malicious prosecution." Complaint, at 3. Plaintiff alleges that Officer Hurdley had no reasonable suspicion to justify the search and planted false evidence. Plaintiff was arrested and he alleges that this arrest violated his substantive due process rights. He alleges that he was acquitted of the charges by a jury, but that he had been deprived of his liberty, happiness and enjoyment of his family. Plaintiff also alleges that "this harassment, racial discrimination" caused hardship. He requests three million dollars in damages.

Plaintiff also cites the Ralph Act and Bane Act, as set forth in the California Civil Code.

C.    Analysis

   1.    *Equal Protection*

Plaintiff's original complaint alleged racial profiling in violation of the Fourth Amendment by Officer Hurdley. The Court explained that a claim for racial profiling is not

based on the Fourth Amendment, but rather is analyzed under the Equal Protection Clause. The Court provided Plaintiff with the legal standard for alleging an equal protection violation.

As the Court explained previously, to state a section 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

Plaintiff has again failed to offer supporting facts. He alleges that Defendant Hurdley stopped him while driving for an alleged traffic violation. Plaintiff mentions "racial discrimination," but he fails to provide *any* facts showing intentional discrimination, or differential treatment of others similarly situated. He does not allege membership in a protected class and does not explain why he believes that Defendant Hurdley intended to discriminate against him.

The lack of supporting facts also violates Rule 8(a), which requests that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

Plaintiff will be given an opportunity to amend this claim. **This will be Plaintiff's final opportunity to submit an amended complaint that cures the deficiencies raised in this order.**

2.   *Unconstitutional Search and Seizure*

The Fourth Amendment protects against unreasonable searches and seizures without probable cause. "This guarantee of protection against unreasonable searches and seizures ... marks the right of privacy as one of the unique values of our civilization and, with few exceptions, stays the hands of the police unless they have a search warrant ... on probable cause supported by oath or affirmation." McDonald v. United States, 335 U.S. 451, 453 (1948). "The Fourth Amendment is not, of course, a guarantee against all searches and seizures, but only

against unreasonable searches and seizures." United States v. Sharpe, 470 U.S. 675, 682 (1985). "[T]he central concern of the Fourth Amendment is to protect liberty and privacy from arbitrary and oppressive interference by government officials." United States v. Ortiz, 422 U.S. 891, 895 (1975). However, "one's expectation of privacy in an automobile and of freedom in its operation are significantly different from the traditional expectation of privacy and freedom in one's residence." United States v. Martinez-Fuerte, 428 U.S. 543, 561 (1976).

"Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning" of the Fourth Amendment. Whren v. United States, 517 U.S. 806, 809-10 (1996). "An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." Id. at 810. "Under the Fourth Amendment, government officials may conduct an investigatory stop of a vehicle only if they possess 'reasonable suspicion: a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" United States v. Twilley, 222 F.3d 1092 (9th Cir.2000) (quoting United States v. Thomas, 211 F.3d 1186, 1189 (9th Cir.2000)). Reasonable suspicion, not probable cause, is all that is required under the Fourth Amendment in the context of investigative traffic stops. See United States v. Lopez-Soto, 205 F.3d 1101, 1105 (9th Cir.2000). "Reasonable suspicion is formed by 'specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity.'" Id. (quoting United States v. Michael R., 90 F.3d 340, 346 (9th Cir.1996)).

Here, Plaintiff alleges nothing more than legal conclusions. He states that he was stopped for an "alleged traffic violation" and was subject to an "unconstitutional search and seizure" because Defendant "had no reasonable suspicion justifying the search." Complaint, at 3. He provides no facts to support his allegation and he therefore fails to state a claim.

Plaintiff will be given an opportunity to amend.

3.   *Substantive Due Process Rights*

Without supporting facts, Plaintiff simply alleges that his arrest violated his substantive due process rights. The claim is improper, however. All constitutional claims resulting from an

arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment rather than under a substantive due process approach. Graham v. O'Connor, 490 U.S. 386, 395 (1989). As the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.

Plaintiff will not be permitted to amend this claim.

4. *Malicious Prosecution*

To state a Section 1983 claim for malicious prosecution, a plaintiff must allege the elements of a state law malicious prosecution claim and establish that the prosecution was conducted for the purpose of denying the plaintiff a specific constitutional right. Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir.2004); Usher v. City of L.A., 828 F.2d 556, 562 (9th Cir.1987). Under California law, to state a claim for malicious prosecution, Plaintiff must show that the proceeding was (1) commenced by or at the direction of the defendant, (2) pursued to a legal termination favorable to plaintiff, (3) brought without probable cause, and (4) initiated with malice. Womack v. Cnty. of Amador, 551 F.Supp.2d 1017, 1031 (E.D.Cal.2008); Sheldon Appel Co. v. Albert & Oliker, 47 Cal.3d 863, 871 (1989).

Although Plaintiff alleges that Defendant Hurdley planted "false evidence" and that he was ultimately acquitted of the charges against him, there are no facts to support his allegations. Plaintiff's allegations fail to satisfy Rule 8 and he therefore fails to state a claim.

Plaintiff will be given an opportunity to amend this claim.

5. *California Code of Civil Procedure*

California Code of Civil Procedure section 51.7, known as the Ralph Act, prohibits violence or intimidation by threat of violence against any persons based on sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, sexual orientation, political affiliation, position in a labor dispute, or because another person perceives them to have one or more of those characteristics.

Section 52.1, known as the Bane Act, authorizes a claim for relief "against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." Jones v. Kmart Corp., 17 Cal.4th 329, 331 (1998). A claim under section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by coercion." Id. at 334.

Plaintiff's complaint sets forth no facts supporting the existence of a claim under either section. In the absence of any allegations that Plaintiff was subjected to violence or intimidation by threats of violence and that such actions were motivated by discrimination, Plaintiff fails to state a claim under the Ralph Act. See Austin B. v. Escondido Union School Dist., 149 Cal.App.4th 860 (2007). Similarly, Plaintiff's Bane Act claim fails because he fails to allege that Defendant Hurdley acted by threats, intimidation or coercion.

Plaintiff will be given an opportunity to amend this claim. He is notified, however, that if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claim, even if he cures the deficiencies and states a claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

**CONCLUSION**

In conclusion, the Court dismisses Plaintiff's complaint with leave to amend. Plaintiff should only amend if he can allege, in good faith, sufficient facts to cure the deficiencies noted above. Plaintiff must remember the requirements of Rule 8, which requires that the amended complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). In other words, Plaintiff must add sufficient facts to his claims. **This will be Plaintiff's final opportunity to amend.**

Plaintiff is reminded that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form and a petition for writ of habeas corpus;

2. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;

3. If Plaintiff wishes to pursue this civil rights action, he must file an amended complaint within **thirty (30) days**;

4. If Plaintiff does not wish to pursue this action, he may file a notice of voluntary dismissal within **thirty (30) days** from the date of service of this order; and

5. **If Plaintiff neither files a notice of voluntary dismissal nor files an amended complaint, this action will be dismissed for failure to obey a court order.**

**This is Plaintiff's final opportunity to amend.**

IT IS SO ORDERED.

Dated:   March 20, 2012                    /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE