1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RAYMOND M. FISHER,                      )      1:11cv1580 LJO DLB
                                        )
                                        )
                            Plaintiff,  )      FINDINGS AND RECOMMENDATION
                                        )      REGARDING DISMISSAL OF ACTION
        v.                              )
                                        )
COUNTY OF FRESNO, et al.,               )
                                        )
                                        )
                            Defendants. )
_____    )

16
17
18
19
20
21
22
23
24
25
26
27
28

On September 19, 2011, Plaintiff Raymond M. Fisher filed this civil rights action.
Pursuant to Court order, he filed a First Amended Complaint on March 5, 2012.

On March 21, 2012, the Court dismissed the First Amended Complaint but granted
Plaintiff leave to file an amended complaint.  The Court provided Plaintiff with the relevant legal
standards and directed him to file an amended complaint within thirty (30) days.  More than thirty
(30) days have passed and Plaintiff has failed to file an amended complaint.

For the reasons discussed below, the Court recommends that this action be dismissed for
failure to follow a Court order and failure to state a claim.

## DISCUSSION

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local
Rules or with any order of the Court may be grounds for the imposition by the Court of any and
all sanctions . . . within the inherent power of the Court."  District courts have the inherent power

1   to control their dockets and "[i]n the exercise of that power they may impose sanctions including,

2   where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

3   1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

4   action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v.

5   Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

6   Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

7   requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

8   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

9   address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for

10  failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)

11  (dismissal for lack of prosecution and failure to comply with local rules).

12       In determining whether to dismiss an action for lack of prosecution, failure to obey a court

13  order, or failure to comply with local rules, the court must consider several factors: (1) the

14  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

15  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

16  their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831;

17  Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,

18  46 F.3d at 53.

19       In the instant case, the Court finds that the public's interest in expeditiously resolving this

20  litigation and the Court's interest in managing the docket weigh in favor of dismissal. This case

21  has been pending since September 19, 2011, and Plaintiff has been given two opportunities to

22  correct the deficiencies in his complaint. The third factor, risk of prejudice to defendants, also

23  weighs in favor of dismissal, since a presumption of injury arises from the occurrence of

24  unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th

25  Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is

26  greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's

27  warning to a party that his failure to obey the court's order will result in dismissal satisfies the

28  "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33;

1  Henderson, 779 F.2d at 1424.  The Court's March 21, 2012, order requiring Plaintiff to file an

2  amended complaint expressly stated: "If Plaintiff neither files a notice of voluntary dismissal nor

3  files an amended complaint, this action will be dismissed for failure to obey a court order.

4  This is Plaintiff's final opportunity to amend."  Thus, Plaintiff had adequate warning that

5  dismissal would result from his noncompliance with the Court's order and his failure to state a

6  claim.

7                              **RECOMMENDATION**

8          Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for

9  failure to follow a court order and for failure to state a claim.

10         These Findings and Recommendations will be submitted to the Honorable Lawrence J.

11  O'Neill, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after

12  being served with these Findings and Recommendations, Plaintiff may file written objections with

13  the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

14  Recommendations."  Plaintiff is advised that failure to file objections within the specified time

15  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

16  1991).

17         IT IS SO ORDERED.

18      **Dated:   May 10, 2012**            _____ **/s/ Dennis L. Beck** _____
                                              UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28